## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

**MICHELLE KING,** an individual, **ASHLEY
HESS**, an individual, **BRITTANY SEVERINO**,
an individual, and **MICHAEL SEVERINO**,
an individual, on behalf of themselves and others,
                      Plaintiffs,                           Case No.
                                                          Hon.

v.

**LAFRANCA ENTERPRISES, LLC
d/b/a AMORE PIZZA,** a Michigan Limited
Liability Company, **LAFRANCA
ENTERPRISES II, LLC d/b/a AMORES
RESTAURANT & SPORTS LOUNGE**
a Michigan Limited Liability Company,
**FRANCESCO LAFRANCA,** an individual,
and **DENISE BOWMAN**, an individual,
jointly and severally,
                        Defendants.
_____/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
_____/

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

There is a pending civil action in this court arising out of some of the same facts and parties alleged in this complaint. That pending action is Case No. 1:18-cv-00615-RJJ-RSK *Jeffries v. LaFranca Enterprises, LLC et al*

NOW COME the Plaintiffs, by and through their attorneys at the Avanti Law Group, PLLC, and in their Original Complaint state as follows:

1. This is a civil action brought on behalf of Plaintiffs to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. for Defendants' failure to pay Plaintiffs the required overtime premium for all hours worked in excess of forty hours per workweek as well as the statutorily mandated minimum wage for all hours worked.

2. Named Plaintiffs are similarly situated with all employees who worked or are working for Defendants and were paid straight time for all hours over forty (40).

3. Defendants violated the FLSA by failing to pay its employees, including Plaintiffs, time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires that non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

4. During the period of the parties' employment relationship, Defendants failed to pay Plaintiffs overtime at the rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours in a workweek.

5. During the period of the parties' employment relationship, Defendants failed to pay Plaintiffs and similarly situated employees the statutorily mandated minimum wage for all hours worked.

6. Plaintiffs seeks a declaration that their rights, and those of the others similarly situated, have been violated, an award of unpaid wages, an award of liquidated damages, and an award of

attorney fees and costs to make them whole for damages they have suffered. At the earliest time possible, Plaintiffs seeks permission to send a Court-authorized notice of this action, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals and potential class members, as defined below.

7.  Defendants, likewise, have not and do not pay the overtime rate to other similarly situated workers. Plaintiffs bring a Collective and Class Action to recover unpaid overtime compensation owed to themselves and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective and Class Actions are hereinafter referred to as "Class Members."

**COVERAGE**

8.  At all material times, Defendants have been employers within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

9.  At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

10. At all material times, Plaintiffs and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

11. Plaintiffs were engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

12. Defendants ordered food, supplies, and equipment from vendors located out of state.

13. Defendants are an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

14. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

15. Defendants provided training to Plaintiffs and Class Members, controlled and had knowledge of the hours to be worked by Plaintiffs and Class Members, directed the work of Plaintiffs and Class Members and set the compensation received by each.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

9. Defendant corporations' employees were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

10. Plaintiffs were engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

11. Defendant corporations' annual sales exceed $500,000, and each Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis.

12. Defendant corporations are, and were at all times relevant, incorporated in the State of Michigan and have their principal place of business located in Paw Paw, Michigan, within the United States Judicial District of the Western District of Michigan.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

14. Plaintiff Michelle King (hereinafter referred to as "King") is an individual who at all times relevant to this complaint resided in the County of Van Buren, State of Michigan.

15. Plaintiff King executed a consent to sue form, attached hereto as ***Exhibit A***.

16. Plaintiff Ashley Hess (hereinafter referred to as "Hess") is an individual who at all times relevant to this complaint resided in the County of Van Buren, state of Michigan.

17. Plaintiff Hess executed a consent to sue form, attached hereto as ***Exhibit B***.

18. Plaintiff Brittany Severino (hereinafter referred to as "Brittany") is an individual who at all times relevant to this complaint resided in the County of Van Buren, state of Michigan.

19. Plaintiff Brittany executed a consent to sue form, attached hereto as ***Exhibit C***.

20. Plaintiff Michael Severino (hereinafter referred to as "Michael") is an individual who at all times relevant to this complaint resided in the County of Van Buren, state of Michigan.

21. Plaintiff Michael executed a consent to sue form, attached hereto as ***Exhibit D***.

22. Defendant Francesco LaFranca (aka as "Franco" and hereinafter referred to as "LaFranca") is an individual who maintains 100% ownership equity in Defendant LaFranca Enterprises,

LLC and Defendant LaFranca Enterprises II, LLC (hereinafter collectively referred to as "Amore Pizza"), and is in charge of the day to day operations of Defendant Amore Pizza.

23. Defendant Denise Bowman (hereinafter referred to as "Bowman") is an individual who is or was the general manager of Amore Pizza with job duties which include but are not limited to supervising and managing employees as well as running the day to day operation of Defendant Amore Pizza.

24. Defendant LaFranca Enterprises, LLC which did business as Amore Pizza, is a Michigan limited liability company whose principal place of business is located at 117 W. Michigan Ave., Paw Paw, MI 49079. *Exhibit E*.

25. Defendant LaFranca Enterprises II, LLC which does business as Amore Restaurant & Sports Lounge, is a Michigan limited liability company whose principal place of business is located at 117 W. Michigan Ave., Paw Paw, MI 49079. *Exhibit F*.

26. Defendant Amore Pizza is a restaurant that serves Italian cuisine with an emphasis on pizza.

27. Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

28. Defendant LaFranca supervises and directs the work of all employees of Defendant Amore Pizza as well as runs the day-to-day operations of the business.

29. Defendant LaFranca maintains total control and oversight over all business practices at Amore Pizza.

30. Defendant LaFranca, at all times relevant to this complaint, was and continues to be the direct supervisor of Plaintiffs.

31. More recently, Defendant Bowman also became the supervisor of Plaintiffs in conjunction with Defendant LaFranca.

32. Defendants LaFranca and Bowman were and are in charge of the day to day operations of Amore Pizza.

33. Defendant LaFranca and Defendant Bowman made and approved Plaintiffs' work schedules.

34. Defendant LaFranca and Defendant Bowman currently still make and approve Plaintiff Michael's work schedules.

35. Defendants LaFranca and Bowman supervised and directed Plaintiffs' activities at work.

36. Defendants LaFranca and Bowman currently supervise and direct Plaintiff Michael's activities at work.

37. Defendant LaFranca, at all times relevant to this complaint, was and is responsible for paying Plaintiffs.

38. Defendant Bowman was and is in charge of supervising payroll.

39. During their employment with Defendants, Plaintiffs frequently worked in excess of forty (40) hours in a given workweek.

40. At all times relevant to this Complaint, Defendants used, and continue to use, a Point-of-Sales ("POS") system to track hours worked by employees.

41. At all times relevant to this Complaint, Defendant LaFranca had, and continues to have, the authorization, ability, know how and did in fact edit Plaintiffs' hours worked on the POS system to reflect less hours worked.

42. At all times relevant to this Complaint, Plaintiffs frequently worked off the clock and were not compensated for such time as they were not allowed clock in on the POS system.

43. At all times relevant to this Complaint, if Plaintiffs forgot to punch in to the POS system, Defendant LaFranca would not allow them to edit nor fix their punches to accurately reflect their hours worked.

44. Plaintiffs were required to punch in under different titles based on which position they would be working.

45. Plaintiffs were paid different rates based on which title they were punched in under. The titles and typical beginning rates of pay were as follows:

      a. Bartender, $5.00 per hour,

      b. Server, $4.00 per hour,

      c. Manager, varied;

      d. Delivery Driver, $5.00 per hour.

46. Defendants LaFranca and Bowman would frequently, and continue to, write in changes to Plaintiffs' hours, tips, and punches before sending said information to the payroll company.

47. The changes referenced in the preceding paragraph typically included changing the title in which Plaintiffs punched in under to a title with a lesser rate of pay.

48. The changes referenced in Paragraph 46 also typically included reporting additional tips, not received by Plaintiffs, to reflect that Plaintiffs were compensated at the mandated minimum wage.

49. Plaintiffs were paid on a biweekly basis.

50. Defendant LaFranca would open Plaintiffs' and similarly situated employees checks before handing them to Plaintiffs and would withhold checks that he would deem to be "too much."

51. Defendant LaFranca frequently withheld Plaintiffs' payroll checks.

52. At all times relevant to this Complaint, Plaintiff's checks were personally signed and issued by Defendant LaFranca.

53. Defendants failed to pay Plaintiffs the mandated minimum wage for all hours worked in a given workweek.

54. Defendants would schedule mandatory meetings in which Plaintiffs would be written up if they did not attend and did not allow Plaintiffs to clock in for these meetings.

55. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per week as required by the FLSA.

56. On one occasion, Plaintiff Brittany, Plaintiff Michael, and other similarly situated employees replaced ceilings for the Defendants at the restaurant for ten (10) hours and were never compensated for this work.

**PLAINTIFF KING**

57. Plaintiff King worked for Defendants from approximately September 2017 to July 3, 2018.

58. From approximately September 2017 to December 2017, Plaintiff King worked as a dishwasher for Defendants.

59. From approximately December 2017 to March 2018, Plaintiff King worked as a server and bartender for Defendants.

60. From approximately March 2018 to July 3, 2018, Plaintiff King worked as a server, bartender, and supervisor for Defendants.

61. Plaintiff King typically worked seven (7) days per week.

62. Plaintiff King typically worked fifty-five (55) hours per work.

63. Plaintiff King would work as much as sixty (60) hours per work.

64. Plaintiff King typically stayed after her scheduled shifts to cover other employees' shifts at least three times per week.

65. Plaintiff King would not be paid for any time she would cover shifts despite being clocked in.

66. Plaintiff King's schedule was typically as follows:

    a.   Sunday and Monday  from 10am to 9pm.

    b.   Tuesday  through Thursday from 4pm or 5pm until 12am.

    c.   Friday and Saturday from 4pm or 5pm until 2am.

67. Plaintiff King was compensated at a rate of $8.25 per hour as a dishwasher.

68. Plaintiff King was compensated at a rate of $7.00 per hour when clocked in as a "manager".

69. Plaintiff King was compensated at a rate of $4.00 per hour when clocked in as a server

70. Plaintiff King was compensated at a rate of $5.00 per hour when clocked in as a bartender.

71. Plaintiff was paid on a biweekly basis.

72. During her employment, Plaintiff worked for all Defendants.

**PLAINTIFF HESS**

73. Plaintiff Hess worked for Defendants from approximately July 2018 to November 1, 2018.

74. Plaintiff Hess worked as a server, bartender, hostess, and cashier for Defendants.

75. At times Plaintiff Hess also worked as a delivery driver for Defendants.

76. Plaintiff Hess worked, on average, fifty (50) hours per workweek.

77. Plaintiff Hess on some weeks would work as much as sixty-six (66) hours per workweek.

78. Plaintiff Hess worked from 10am to 4pm six, (6) to seven (7) days per week.

79. Plaintiff Hess typically stayed after her scheduled shifts to cover other employees' shifts at least three times per week.

80. Plaintiff Hess would not be paid for any time she would cover shifts despite being clocked in.

81. Throughout her entire employment, Plaintiff Hess was compensated at a rate of $4.00 per hour plus tips for serving, and $5.00 per hour plus tips for bartending.

82. Defendant LaFranca would edit the amount of tips claimed by Plaintiff Hess, to a number higher than what she actually received, so that records would show that she was being compensated the mandated minimum wage for all hours worked.

83. Plaintiff was paid on a biweekly basis.

84. During her employment, Plaintiff worked for all Defendants.

**PLAINTIFF BRITTANY**

85. Plaintiff Brittany worked for Defendants from approximately February 2014 to September 2016 ("Term 1"), and again from February 2017 to October 11, 2018 ("Term 2").

86. During Term 1, Plaintiff Brittany worked as a bartender and server for Defendants.

87. During Term 1, Plaintiff worked, on average, at least forty (40) hours per workweek.

88. During Term 2, Plaintiff Brittany worked as a server, cook, deliver driver, dishwasher, bartender, and supervisor for Defendants.

89. During Term 2, Plaintiff Brittany worked, on average, sixty-five (65) hours per workweek.

90. During Term 2, Plaintiff Brittany typically worked seven (7) days per week.

91. During Term 2, Plaintiff Brittany typically worked from at least 9am-6pm every day.

92. Plaintiff Brittany was compensated at a rate of $11.00 per hour as a dishwasher.

93. Plaintiff Brittany was compensated at a rate of $11.00 per hour when clocked in as a "manager".

94. Plaintiff Brittany's rate of pay fluctuated depending on what position she worked that day at the whims of Defendant LaFranco

   a. As a delivery driver, Plaintiff Brittany's rate of pay was $5.00

   b. As a server, Plaintiff Brittany's rate of pay was $4.00.

95. Plaintiff was paid on a biweekly.

96. During her employment, Plaintiff worked for all Defendants.

## PLAINTIFF MICHAEL

97. Plaintiff Michael started working for Defendants in approximately mid-July 2017.

98. Plaintiff Michael is currently still employed by Defendants.

99. Plaintiff Michael works as a Delivery Driver for Defendants.

100.    While Plaintiff Michael was not doing deliveries, Plaintiff Michael worked as a dishwasher.

101.    Plaintiff Michael was compensated at a rate of $5.00 per hour plus tips at the beginning of his employment.

102.    In approximately July 2018, Plaintiff Michael's compensation was raised to a rate of $6.00 per hour plus tips.

103.    Plaintiff Michael delivers pizza for Defendants.

104.    Plaintiff Michael completed other tasks for Defendants such as removing pizzas from the oven, cutting pizzas, boxing pizzas, taking pizzas to the front, and doing dishes.

105.   Plaintiff completed the duties as a dishwasher being clocked in as a driver, therefore, was compensated at the driver hourly rate.

106.   Plaintiff was not paid the mandated minimum wage for hours in which he performed general labor.

107.   At the beginning of his employment until approximately June 2018, Plaintiff Michael worked in excess of forty (40) hours per workweek.

108.   Plaintiff Michael worked on average forty-five (45) to fifty (50) hours a week from the beginning of his employment until October 2017.

109.   After October 2017, Plaintiff Michael worked on average twenty-five (25) to thirty-five (35) hours per week.

110.   Plaintiff Michael was not compensated at a rate of one and one-half times his regular hourly rate for all time worked over forty (40) hours per week as required by the FLSA.

111.   Defendant LaFranca would edit the amount of tips claimed by Plaintiff Michael, to a number higher than what he actually received, so that records would show that he was being compensated the mandated minimum wage for all hours worked.

112.   Plaintiff Michael completed and continues to complete approximately five (5) to ten (10) hours per week of off-the-clock work.

113.   Defendants failed to pay Plaintiff the mandated minimum wage for all hours worked in a workweek.

114.    Plaintiff is paid on a biweekly basis.

115.   During his employment, Plaintiff worked for all Defendants.

## COLLECTIVE ACTION ALLEGATIONS

116.    Plaintiffs reallege and incorporate herein all previous paragraphs.

117.    All claims set forth in Count I and II of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiffs brings this count on their own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendants, and 2) were or are subject to the violations of the FLSA described in Count I and II.  Named Plaintiffs do not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

118.    With respect to Count I and II, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiffs.

119.    The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiffs, and their claims are based upon the same legal theory as the individually named Plaintiffs.

120.    The precise numbers of class individuals are known only to the Defendants, and are believed to include well over forty (40) individuals.

121.    The class of individuals spans all employees who worked for Defendants.

122.    As such, the class of similarly situated Class Members are properly defined as follows:

> *Current and former employees of LaFranca Enterprises, LLC, LaFranca Enterprises II, LLC, Franco LaFranca, and Denise Bowman who were not compensated the mandated minimum wage and were not paid time-and-a-half for hours worked in excess of 40 hours during a workweek.*

Plaintiffs reserve the right to amend this definition as necessary.

## WILLFUL VIOLATIONS OF THE FLSA

123. Defendants Amore Pizza and LaFranca were investigated by the Department of Labor (hereinafter "DOL"), in an investigation that began in 2014 and concluded around November 7, 2016. *Exhibit G*.

124. During the DOL investigation, minimum wage violations were identified.

125. During the DOL investigation, overtime violations were also identified.

126. During the DOL investigation it was reported that Defendants Amore Pizza and LaFranca failed to ensure the proper payment of minimum wage and overtime to both tipped and non-tipped employees.

127. During the DOL investigation it was reported that numerous times tipped employees had not earned enough in tips to cover the payment of minimum wages.

128. During the DOL investigation, the following overtime violations were identified:

   a. Defendants Amore Pizza and LaFranca had failed to pay non-exempt employees an overtime premium on a weekly basis;

   b. Defendants Amore Pizza and LaFranca had failed to pay non-exempt employees overtime;

   c. Defendants Amore Pizza and LaFranca had paid overtime hours at a regular rate; and

   d. Defendants Amore Pizza and LaFranca had failed to combine all weekly hours toward the payment of overtime.

129. During the DOL investigation, record keeping violations were found.

130.   Defendants Amore Pizza and LaFranca were ordered to pay their employees the unpaid minimum and overtime wages they had failed to properly pay based on the violations uncovered during the DOL investigation.

131.   During the DOL investigation Defendant LaFranca admitted that he made mistakes when adding up times for payroll.

132.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiffs.

133.   Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of their workers was and is impermissible under the FLSA.

134.   Defendants were put under investigation by the Department of Labor for other FLSA matters, thereby putting Defendants on notice of other possible FLSA claims.

135.   Despite the findings and results of the DOL investigation, Defendants continued their unlawful pay practices.

136.   Defendants Amore Pizza and LaFranca are currently named Defendants on another matter before this district for violations of the FLSA[1].

137.   Defendants utilized their business to subvert their obligations under state and federal law.

---

[1] Shannon Jeffries v. Franco LaFranca, et al, 18-CV-00615

138.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

139.    Plaintiffs hereby incorporate and reallege all the paragraphs above.

140.    At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

141.    At all relevant times, Plaintiffs were "employees" of Defendants as the term is defined under the FLSA.

142.    At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs within the meaning of FLSA, 29 U.S.C. §203(g).

143.    The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

144.    By failing to compensate Plaintiffs at a rate less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

145.    Defendants' violations of the FLSA were knowing and willful.

146.   The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

147.   As a result of Defendants' violation, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.,**
**FAILURE TO PAY STATUTORY MINIMUM WAGE**

148.   Plaintiffs hereby incorporate and reallege all the paragraphs above.

149.   At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

150.   At all relevant times, Plaintiffs were "employees" of Defendants as the term is defined under the FLSA.

151.   At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs within the meaning of FLSA, 29 U.S.C. §203(g).

152.   The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

153.   As a result of the violation, Plaintiffs are entitled to their unpaid, outstanding, minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. Defendants be ordered to pay Plaintiffs their unpaid wages together with an equal amount in liquidated damages;

C. Defendants be ordered to pay Plaintiffs' costs and reasonable attorney fees pursuant to the FLSA; and

D. The Court grants such other and further relief as the Court may deem just or equitable.

Dated: December 14, 2018                    Respectfully Submitted,

                                            _/s/   Robert Anthony Alvarez_____.
                                            Robert Anthony Alvarez (P66954)
                                            Attorney for Plaintiffs
                                            Avanti Law Group. PLLC

<u>**REQUEST FOR TRIAL BY JURY**</u>

NOW COMES Plaintiffs, by and through their attorneys, and hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure

                                            Respectfully Submitted,


                                            _/s/   Robert Anthony Alvarez_____.
                                            Robert Anthony Alvarez (P66954)
                                            Attorney for Plaintiffs
                                            Avanti Law Group. PLLC

**VERIFICATION**

I declare under penalty of perjury that the statements outlined above in this Complaint are true and accurate to the best of my knowledge, information, and belief.

Date: 12-10-2018

Ashley Hess

## <u>VERIFICATION</u>

I declare under penalty of perjury that the statements outlined above in this Complaint are true and accurate to the best of my knowledge, information, and belief.

Date: _12-10-2018_

_____
Michael Severino

## <u>VERIFICATION</u>

I declare under penalty of perjury that the statements outlined above in this Complaint are true and accurate to the best of my knowledge, information, and belief.

Date: 12-10-18

Michelle King

## **VERIFICATION**

I declare under penalty of perjury that the statements outlined above in this Complaint are true and accurate to the best of my knowledge, information, and belief.

Date: _12 - 10 - 18_

Brittany Severino